UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GERALD GORDON WILLIAMS,

    Plaintiff,

v.                                                                            Case No. 8:09-cv-1868-T-33MAP

OFFICER ROBERT ALAN NICHOLS,

    Defendant.
_____

## O R D E R

The Court has for its consideration the pro se prisoner Plaintiff's civil rights complaint filed against Defendant Nichols pursuant to 42 U.S.C. § 1983. The Court has undertaken a preliminary screening of Plaintiff's complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court concludes that the complaint is due to be dismissed because it is apparent from the face of the complaint that this Court cannot grant the relief Plaintiff seeks.

**Plaintiff's Allegations**

Plaintiff alleges the following facts:

    Plaintiff complains that he has the right not to be subjected to racial profiling because of the color of his skin, which prompted officer Nichols #2188 to illegally stop my vehicle without probably cause; to wit; On June 23, 2009, at about 9:30 p.m. Plaintiff entered the parking lot of the Shell gas station located on Tamiami Tr. in Sarasota, Florida. Plaintiff pulled up to gas pump to get some gas, which he sent his wife into the store/station to pay for gas. Once gas was payed [sic] fore [sic] Plaintiff then pulled his vehicle to north side of parking lot in front of telephone booths to check his oil and transmission fluids, also water in radiator. Plaintiff [sic] wife was still in

store/station using the bathroom.  When wife (whom [sic] is white) came out of the store, she got into the vehicle until Plaintiff finished his inspection.  Once inspection was completed Plaintiff proceeded to leave by way of the north side driveway of the parking lot.  Plaintiff made a right turn going northwest, which [sic] he same upon a stoplight.

Before Plaintiff left the parking lot he notice [sic] a green sudan [sic] with tinted windows parked at the northeast end of the parking lots [sic] driveway sitting with the windows up and no lights on.  Don't know if car was running.  Plaintiff payed [sic] no attention to occupant or occupant's [sic] of vehicle because the windows were darkly tinted. Plaintiff stopped at light on red, put on blinkers to make a left turn.  Once Plaintiff made the turn he went about 20 yards down Tamiami Trial, "known as U.S. 41," heading south.  He was then pulled over by flashing lights from the parked green vehicle  Plaintiff had seen prior to existing [sic] parking lot.  Plaintiff then pulled off road into a strip mall parking lot.  Officer Nichols approached Plaintiff's vehicle and asked for identification from wife then from me the driver.  Plaintiff asked Officer Nichols what was his reason for stopped me.  He gave no reason other than the fact that "<u>blacks frequently pick up white prostitutes at that station.</u>"  I then told Officer Nichols that my passenger happens to be my wife and my wife have [sic] a tendency of losing her wallet when working.  Officer Nichols then changed his story in an attempt to makeup some kind of excuse to justify why he stopped me.

He alleged that my drivers license was fake or that it was illegal to have two drivers license [sic], which was a false accusation and does not explain his reason for stopping me in the first place.  After about 30 minutes, Officer Nichols went back to his vehicle to check on wife's ID, came back to my truck claiming that there was a warrant for Plaintiff [sic] arrest, that was a fugitive from justice.  That was on June 23, 2009 at about 10 p.m.  The warrant did not come into existence until Wed. the 24th of June, 2009, at 1:1628.

Plaintiff was stopped and arrested without a warrant and no probable cause, other than underlined statement made above. Even the PDA shows his frame of mind when I [sic] listed Plaintiff as White.

Plaintiff seeks:

to have Officer Nichols #2188 to get some sensitivity training and some involvement in anger management courses, also to do some community service work in an Afro American neighborhood so that he can see and understand the struggles of life and living on the other side of the tracks and to get involved in social activities so he can absorb the accurate feeling of people of color.

-2-

## DISCUSSION

Williams' request for relief is in the nature of mandamus. This Court cannot grant Williams the mandamus relief he seeks.

> Mandamus, which is an extreme form of equitable relief, "is a writ designed to require an official to perform an act required by law." *See Corn v. City of Lauderdale Lakes,* 904 F.2d 585, 587 (11th Cir.1990). Although the writ of mandamus was abolished by Federal Rule of Civil Procedure 81(b), federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651 (2000); *see also Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1385 (11th Cir.1998) (en banc) (recognizing the writ of mandamus may issue to correct a clear abuse of discretion or the failure to carry out a ministerial task). Pursuant to their powers under 28 U.S.C. § 1651, federal courts continue to grant equitable relief, which sometimes are referred to as "writs of mandamus." *See generally Vacheron & Constantin-Le Coultre Watches, Inc. v. Benrus Watch Co.*, 260 F.2d 637, 640 (2d Cir.1958) (noting courts continue to issue orders that "for brevity, we may still speak of as a mandamus.")

*Preferred Sites, LLC v. Troup County*, 296 F.3d 1210, 1220-21 (11th Cir. 2002).

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations [.]" *In re Bellsouth Corp.,* 334 F.3d 941, 953 (11th Cir. 2003) (quoting *Allied Chem. Corp. v. Daiflon, Inc.,* 449 U.S. 33, 34 (1981)); *see also Mallard v. United States Dist. Court for the Southern Dist. of Iowa,* 490 U.S. 296, 309 (1989). To be entitled to mandamus, Williams must demonstrate the following: (1) a clear right to the relief he requests; (2) a clear, non-discretionary duty for the Defendants to perform the action sought; and, (3) the absence of an adequate alternative remedy. *Mallard*, 490 U.S. at 309; *Stephens v. Dept. of Health & Human Servs., 901 F.2d 1571, 1576 (11th Cir. ), cert. denied,* 498 U.S. 998 (1990); *District Lodge No. 166 v. TWA Servs., Inc.,* 731 F.2d 711, 717 (11th Cir. 1984), *cert. denied,* 469 U.S. 1209 (1985) (quoting *Carter v. Seamans*, 411 F.2d 767, 744 (5th Cir. 1969)).

Here, Williams has not met his burden. He has not shown that he is entitled to this drastic remedy.

> Writs in the nature of mandamus may be issued only in instances where, before the adoption of Rule 81(b), the remedy of mandamus would have been available. It is well-settled that federal courts do not have jurisdiction to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. *Lamar v. 118th Judicial District Court of Texas*, 440 F.2d 383 (5th Cir. 1971); *Haggard v. State of Haggard v. State of Tennessee*, 421 F.2d 1384 (6th Cir. 1970); *Clark v. State of Washington, et al.*, 366 F.2d 678, 681-82 (9th Cir. 1966); *Dunlap v. Corbin*, 532 F. Supp. 183, 187 (D. Ariz. 1981), *aff'd* 673 F.2d 1337 (9th Cir. 1982); *Lessard v. State of Wisconsin*, 449 F. Supp. 914, 915 (E.D. Wis. 1978).

*Andujar v. Crosby*, No. 8:06-cv-70-T-17TGW, 2006 WL 146205, at *2 (M.D. Fla. Jan. 18, 2006). Analogously, this Court does not have jurisdiction to issue a writ of mandamus to direct Sarasota County to send Officer Nichols for the training described in Plaintiff's complaint.

**Accordingly, the Court orders**:

That Williams' complaint is dismissed. The Clerk is directed to terminate all pending motions, to enter judgment against Williams and to close this case.

ORDERED at Tampa, Florida, on September 15, 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Gerald Gordon Williams